**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

**IN RE:**

**ANA CAROLINA DE LA ROSA MACAS**     **CASE NO. 07-05185 BKT**

**RAFAEL TORRES LAUREANO**     **CHAPTER 13**

          **Debtor(s)**     **ADVERSARY NO. 09-00011**

**ANA CAROLINA DE LA ROSA MACAS**

**RAFAEL TORRES LAUREANO**

          **Plaintiff**

**BANCO SANTANDER, et al.**     **FILED & ENTERED ON 12/29/2010**

          **Defendant(s)**

OPINION AND ORDER:

Before the court is Banco Santander de Puerto Rico's ("BSPR" & "Defendant") Motion for Summary Judgment [Dkt. No. 33], Plaintiffs opposition [Dkt. No. 36] and Defendant's supplement to their motion for summary judgment [Dkt. No. 40]. For the reasons stated herein Defendant's motion for summary judgment is hereby DENIED.

BACKGROUND:

On January 22, 2009, Debtors/Plaintiffs filed the captioned adversary proceeding against Defendant seeking injunctive relief, damages and contempt for willful violation of the automatic stay order. After several procedural setbacks, Defendant answered the complaint [Dkt. No. 32] and requested summary judgment against Plaintiffs [Dkt. No. 33]. Defendant argues that the complaint fails to state a cause of action under which the relief requested may be granted because the collection efforts were made by another entity, not defendant. Plaintiffs argue that there are material facts in dispute that precludes the entry of summary judgment in favor of BSPR.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C.

§§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

APPLICABLE LAW AND DISCUSSION

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to the nonmoving party. In re Rijos, 263 B.R. 382, 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Id.

In their motion for summary judgment, Defendant attached a statement of material facts which indicates that prior to the filing of Plaintiffs' bankruptcy petition, BSPR executed a Purchase

and Sale agreement with PR Acquisitions, LLC wherein BSPR sold and transferred all of its rights, title and interest to various claims, allegedly including the Plaintiffs'. The statement also summarizes the collection efforts made post petition by Advanced Collection Services, Inc. who is apparently the servicing agent for BSPR. In item number eight, Defendant indicates that in the main bankruptcy case, BSPR filed a transfer of claim on January 12, 2009 [Dkt. No. 52, Case No. 07-5185]. Said notice of transfer indicates that the claim subject to this controversy was included in a pre-petition Purchase and Sale agreement executed between BSPR and PR Acquisition. The Purchase agreement was filed under seal in this adversary proceeding.

Having examined the documents filed and the document under seal, this court determines that there is a genuine material fact in dispute that precludes the entry of summary judgment in favor of the Defendant. The agreement filed under seal fails to identify that in fact Debtors' account was transferred prior to the filing of the bankruptcy petition and which entity was acting on behalf of whom when the alleged violations took place. These disputed facts are sufficient to defeat summary judgment at this early stage. Therefore, Defendant's motion for summary judgment, Dkt. No. 33, is hereby DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 29 day of December, 2010.

**Brian K. Tester**
**U.S. Bankruptcy Judge**